In the Matter of the Claim of MAX SPECTOR, Respondent, against STUTZ USED CAR EXCHANGE, INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal by the employer and carrier from decision and award of the State Industrial Board. Claimant was moving a bicycle away from the door of a shed when he felt a pain in the base of his spine. He was moving the bicycle in order to get tools in the shed. The accident resulted in a bad sprain and incomplete hernia. The questions raised by the appellants are one of coverage and one of wage rate. The appellant carrier issued a policy to the employer which was in force at the time of the accident. It was the usual standard form policy and covered the premises of the employer designated as 3-5-7 West Sixty-first street, New York city, and the business operations described in the declarations included

all operations necessary, incident or appurtenant to the business of the employer, which was that of repairing and selling second-hand automobiles, or connected therewith, wherever performed. The declaration also recited coverage of operations not on the premises. The declarations annexed to said policy covered practically every classification of employees engaged in connection with automobile sales and service; drivers and drivers' helpers were specifically mentioned. All employees were covered including accessory and spare parts departments, chauffeurs and helpers. The claimant was employed at the address covered by the policy where the main business of the employer was located. His principal duties were driving from Sixty-first street to various places in the city, particularly to a lot at One Hundred and Eighty-fourth street and Grand Concourse, where minor repairs were made on used cars. He also made repairs to cars and drove cars from the Sixty-first street place of business to the One Hundred and Eighty-fourth street lot. The evidence amply supports the finding that the policy covered the accident in question. The State Industrial Board found the average weekly wages to be thirty-two dollars. The claimant had worked for about three weeks for the employer. He received twenty-two dollars and fifty cents a week, plus overtime, amounting to about ten dollars per week. The employer confirmed these earnings by means of a statement signed by its president. Prior to his employment with this employer claimant worked for another firm and received thirty-five dollars per week. The evidence supports the wage rate adopted. The evidence supports the finding that claimant's disability was due to the accident of July 18, 1934, and not to the accident of November 18, 1933. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.